J.S45036/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
             Appellee    :
       :
         v.        :
       :
       :
GILBERT CAMPBELL,        :
       :
             Appellant    :    No. 2227 EDA 2013

Appeal from the Judgment of Sentence July 10, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0010839-2011

BEFORE: BOWES, ALLEN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED AUGUST 27, 2014**

Appellant, Gilbert Campbell, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following a jury trial and convictions for carrying a firearm without a license,[1] possession of a firearm with the manufacturer number altered,[2] and persons not to possess firearms.[3] Appellant suggests the police lacked reasonable suspicion or

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6106.

[2] 18 Pa.C.S. § 6110.2.

[3] 18 Pa.C.S. § 6105. The court, and not the jury, tried Appellant for this crime.

probable cause to search his vehicle and thus the trial court erred in denying his motion to suppress the evidence. We affirm.

We state the facts and procedural history as set forth by the trial court:

> On September 2, 2011, at 9 p.m., on the 2400 block of North Colorado Street, Police Officer David Rausch, an experienced narcotics officer, began a narcotics surveillance. At 9:10 p.m. Officer Rausch observed [Appellant], whom he knew from a previous narcotics arrest, remove a clear baggie containing small items from his front waistband and then put it back. Based on Officer Rausch's experience, he believed the bag to contain narcotics packaged for sale. [Appellant] walked out of Officer Rausch's view. [Appellant] returned and entered a silver Buick that was parked on the 1700 block of Cumberland Street and drove off. Officer Rausch put out information to back-up officers to stop [Appellant] for a narcotics investigation.
>
> Sergeant Sylvia Young, who was acting as a back up to Officer Rausch, received information from Officer Rausch to stop a silver Buick. The back-up officers double parked their police vehicle five feet in front of the Buick which was parked on the 2500 block of Colorado Street. Sergeant Young knew [Appellant] from previous encounters and believed that [Appellant] recognized her. As Sergeant Young approached the vehicle on foot, she observed [Appellant] bend down and make a motion towards the passenger seat. [Appellant] was immediately taken out of the vehicle. Sergeant Young recovered a Kel-Tec 9-mil[l]imeter handgun loaded with eleven live rounds under the passenger seat and $5,195 U.S. [c]urrency on the passenger seat that was in plain view. The officers arrested [Appellant].

At trial[,[4]] Officer Rausch testified consistent with his suppression hearing testimony. Additionally, Sergeant Sylvia Young testified that she along with Police Officer Cherry, Police Officer Dougherty, and Police Officer Greninger were acting as a back up to Officer Rausch. At the direction of Officer Rausch they blocked [Appellant's] car which was parked on the 2500 block of Colorado Street. When Sergeant Young exited her vehicle she observed [Appellant] reach under the passenger seat for what she believed was a weapon. Officer Dougherty took [Appellant] out of the car. Sergeant Young the Kel-Tec 9-mil[l]imeter handgun and $5,195 U.S. [c]urrency.

Police Officer Ronald Weitman, an expert in the field of firearms examination, testified that the serial number on the firearm had been obliterated by gouging. The firearm was also operable. [Appellant] was not licensed to carry a firearm.

Trial Ct. Op., 9/13/13, at 2-3 (citations omitted).

Appellant filed a motion to suppress the gun. At the hearing, Appellant alleged the police lacked reasonable suspicion or probable cause to search his vehicle. N.T., 2/14/13, at 3. The court denied the motion and the case proceeded to trial.

On July 10, 2013, a jury convicted Appellant of the above crimes. The court sentenced Appellant that day to an aggregate sentence of five to ten years' imprisonment. According to the trial court's opinion, Appellant filed a

---

[4] We acknowledge the holding of **In re L.J.**, 79 A.3d 1073 (Pa. 2013), which held that after October 30, 2013, the scope of review for a suppression issue is limited to the record available to the suppression court. **Id.** at 1085, 1089 (stating holding applies to "all litigation commenced Commonwealth-wide after the filing of this decision"). Because the instant criminal complaint was filed prior to October 30, 2013, **In re L.J.** does not apply.

post-sentence motion on July 22, 2013. The docket and certified record, however, do not reflect any such filing. The record does contain the court's July 30, 2013 order denying Appellant's post-sentence motion. Appellant, although represented by counsel, filed a *pro se* notice of appeal on August 1, 2013.[5] Appellant timely filed a court-ordered Pa.R.A.P. 1925(b) statement.

Appellant raises the following issue:

> Did the lower court err when it denied the defense motion to suppress physical evidence as Philadelphia police . . . had neither probable cause nor reasonable suspicion to search Appellant . . . as well as [Appellant's] silver Buick automobile and seize a firearm from under the passenger seat of this vehicle?

Appellant's Brief at 2. In support of this issue, Appellant argues that the totality of the circumstances did not establish the existence of a drug transaction as to justify the stop and search of his vehicle. Specifically, he maintains that the police could not identify the contents of the plastic baggy he put into his waistband. We hold Appellant is not entitled to relief.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains

---

[5] The notice of appeal was dated July 22, 2013, which was prior to the court's July 30, 2013 denial of Appellant's post-sentence motion.

uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

Moreover, it is within the suppression court's sole province as fact finder to pass on the credibility of witnesses and the weight to be given their testimony.

*Commonwealth v. Baker*, 24 A.3d 1006, 1015 (Pa. Super. 2011) (punctuation and citations omitted), *aff'd on other grounds*, 78 A.3d 1044 (Pa. 2013).

In *Commonwealth v. Thompson*, 985 A.2d 928 (Pa. 2009), our Supreme Court defined "probable cause":

Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a prima facie showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

*Id.* at 931 (quotation marks and citations omitted). In applying the "totality of the circumstances," a court may consider a police officer's training and

experience if that officer demonstrates "a nexus between his experience and the search, arrest, or seizure of evidence." *Id.* at 935.

In *Commonwealth v. Burnside*, 625 A.2d 678 (Pa. Super. 1993), the Superior Court reversed the trial court's suppression of evidence. *Id.* at 680.

> On January 11, 1992, at approximately 10:15 p.m., a uniformed Philadelphia police officer observed [the defendant], who was standing in the brightly lit doorway to a store, and holding a handful of "small, blue plastic packets" of the type the experienced officer knew commonly contained cocaine packaged for the retail market. This sighting occurred in an area in which the police officer had conducted numerous arrests for drug offenses. Based on his knowledge and experience, the officer concluded that [the defendant's] packets probably contained narcotics. The officer and his partner, both in uniform, decided to investigate the situation further. However, as soon as [the defendant] noticed the police presence, he shoved the packets into his jacket and stepped backward into the store.
>
> Police Officer Norman followed [the defendant] into the store and brought him outside. Officer Albert Jones thereupon conducted a pat down search of [the defendant] which disclosed sixty-nine (69) blue-tinted packets and two (2) clear plastic packets, all containing a "white powdery substance" which later proved to be cocaine. At that time, [the defendant] also possessed one hundred twenty-one dollars ($121) in United States currency.

*Id.* at 679-80 (citations omitted).

The trial court suppressed the evidence, and the Commonwealth appealed, contending the police had probable cause for a warrantless arrest. *Id.* at 681. The *Burnside* Court agreed, noting that the facts as set forth above, in conjunction with the police officer's training and experience,

established probable cause for the defendant's arrest. **Id.** at 681-82. Accordingly, the Superior Court found the search lawful and reversed the trial court's grant of the defendant's motion to suppress. **Id.** at 682.

In **Commonwealth v. Murray**, 936 A.2d 76 (Pa. Super. 2007), the police, at night and in a high drug trade area, stopped a vehicle with heavily-tinted windows for a traffic violation. **Id.** at 77. The police had difficulty seeing through the windows but saw the defendant move excessively. **Id.** Due to the defendant's excessive movement, the police pulled him out of the vehicle and frisked him. **Id.** The police did not find a weapon on the defendant, but concerned for their safety, one officer entered the vehicle and searched the area where the defendant was sitting and recovered a firearm. **Id.** The defendant challenged the limited vehicle search on appeal. **Id.**

The **Murray** Court affirmed the reasonableness of the limited search:

> Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect. **These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant" the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons**. "[T]he issue is

> whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger."

*Id.* at 78-79 (citations omitted). "Specifically, the knowledge of the neighborhood being a well-known narcotics area, when coupled with the excessive movement inside the vehicle and hour of night, raised serious and obvious safety concerns that justified a search for weapons." *Id.* at 80 (citations omitted).

After close review of the record, the parties' briefs, and the decision of the Honorable Barbara A. McDermott, we affirm on the basis of the trial court's opinion. *See* Trial Ct. Op. at 4-6 (holding: (1) facts, as set forth above, established reasonable suspicion that Appellant was distributing illegal drugs; (2) police had reasonable suspicion of criminal activity to stop Appellant's vehicle; and (3) Appellant's furtive hand motion under passenger seat upon seeing police justified limited search under passenger seat as police established articulable suspicion that Appellant may possess weapon); *see Murray*, 936 A.2d at 78-80 (holding furtive movement justified limited search of vehicle); *Burnside*, 625 A.2d at 681-82 (reversing trial court's suppression of evidence because police had probable cause to search defendant despite not observing drug transaction); *see also Thompson*, 985 A.2d at 935 (holding court may consider officer's experience in determining existence of probable cause). Accordingly, because the suppression court's factual findings are supported by the record and we

J. S45036/14

discern no error of law, we affirm the judgment of sentence. ***See Baker***, 24

A.3d at 1015.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014